**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **COVENTRY HEALTH CARE, INC.,** et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) **CASE NO. 3:09-1009** ) **JUDGE WISEMAN/KNOWLES** ) |
| **CAREMARK, INC.,** | ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the Court upon Plaintiffs' "Motion to Compel Discovery." Docket No. 64. With the Motion, Plaintiffs have submitted a Certification of Good Faith (Docket No. 65), as well as a Joint Written Statement of the Issues Raised in the Motion (Docket No. 66). Plaintiffs have not, however, filed a Memorandum of Law, as required by Local Rule 7.01(a).

Defendant has filed a Response to the Motion (Docket No. 72) and, with leave of Court, Plaintiffs have filed a Reply (Docket Nos. 73, 92, 93).

In a previous Memorandum Opinion concerning Plaintiffs' Motion to remand this case to state court, Judge Wiseman summarized the relationship between the parties and the issues in this action as follows:

> In 1999 Coventry [including a number of its subsidiaries, insurers, and health maintenance organizations] and Defendant Caremark, Inc. ("Caremark") entered into the Managed Prescription Drug Program Agreement, subsequently amended in 2006 (the "Agreement"). . . . Pursuant to this Agreement, Caremark manages the prescription drug programs for the Coventry Health Plans. . . .

Among its other contractual obligations, Caremark provides Claims Processing Services for Coventry's drug plans in accordance with the Agreement and the plan design for each Coventry Health Plan. . . . Caremark's management of the Coventry Health Plans' prescription drug programs requires it to administer the prescription claims of Coventry members submitted by Department of Defense ("DoD") pharmacies ("DoD Pharmacy Claims"). . . . Pursuant to the Agreement, Caremark is authorized to process DoD Pharmacy Claims in accordance with Coventry's written direction, which, under the Agreement, is required to be in accordance with all applicable laws and regulations. . . .

The DoD is a "government agency" as that term is defined by the Agreement. . . . DoD Pharmacy Claims typically occur when an insured or the family member of an insured who is a member of the military fills a prescription at a DoD pharmacy located on a military base or other DoD facility. . . . After the member fills his or her prescription, the DoD submits a claim for reimbursement to Caremark, as the manager of Coventry's prescription plans. . . . Under the Agreement, according to Coventry, Caremark is contractually obligated to pay only those DoD Pharmacy Claims that are covered by the member's applicable Coventry Health Plan, "except as otherwise required by a overriding law or regulation."

. . .

But certain of the Coventry Health Plans do not provide pharmacy benefits for out-of-network pharmacy claims. . . . Coventry alleges that some of the DoD pharmacies are out-of-network and that Caremark, under the Agreement, is not authorized to reimburse claims submitted for prescriptions filled by out-of-network DoD pharmacies unless the insured pharmacy plan provides benefits for out-of-network claims. Coventry alleges it discovered in or around March 2009 that Caremark had been wrongfully paying out-of-network DoD Pharmacy Claims and wrongfully seeking reimbursement for payment of those claims from Coventry. . . . It is Coventry's position that Caremark's payment of the out-of-network DoD Pharmacy Claims constitutes a breach of the Agreement and that it is entitled to damages arising from that breach.

In addition to its breach-of-contract claim, Coventry also seeks a declaratory judgment to resolve an "actual controversy" that has arisen between the parties, which Coventry characterizes as follows:

> Coventry contends that Caremark improperly paid out-of-network DoD Pharmacy Claims which are not covered by Coventry's Health Plans and are not required to be covered by law. On the other hand, Caremark contends that, by law, Coventry Health Plans must cover these DoD Pharmacy Claims.

Docket No. 38, p. 1-2 (citations omitted).

In short, Plaintiffs assert that Defendant has wrongfully paid DoD Pharmacy Claims that should have been denied because those claims were not covered by the member's applicable Coventry Health Plan. Defendant takes the position that there is an "overriding law [and] regulation," namely 10 U.S.C. § 1095 and 32 CFR § 220, that prohibits Coventry's Health Plans (and its other HMO's) from characterizing DoD claims out-of-network and from denying those claims as such.

The instant Motion to Compel focuses on two areas. First, Plaintiffs submitted a Request for Production of Documents to Defendant that sought "[a]ll documents that refer, relate, or pertain to each and every claim from a *non-DOD Pharmacy* processed by [Defendant] for a Coventry health plan that was denied as out-of-network." Docket No. 64, p. 1 (emphasis added). Defendant objected on two bases: (1) that the request sought information that was not relevant; and (2) that the request sought documents already in Plaintiffs' possession or documents that Defendant subsequently agreed to produce.

Second, Plaintiffs seek to require Defendant to conduct a second electronic search for documents for eleven named witnesses for whom Defendant has produced little or no electronic correspondence. Plaintiffs state that they "believe the defendant's production of email correspondence in this litigation is woefully inadequate," and that they "believe" that certain document requests "would have produced a significant volume of responsive email" regarding

3

these eleven witnesses. Defendant essentially responds that Plaintiffs' beliefs are simply wrong.

With regard to the first issue, the main controversy between the parties appears to be whether the information sought is already in Plaintiffs' possession or has been subsequently produced by Defendant. The Court need not resolve this controversy, however, because Plaintiffs have not shown that the information sought is relevant to the claims or defenses of any party as required by Fed. R. Civ. P. 26(b)(1).[1]

As discussed above, the issue in this case involves Defendant's allegedly erroneous payments of DoD claims. The request for production at issue, however, seeks information regarding claims from non-DoD Pharmacies. In their Motion, Plaintiffs argue that the scope of discovery is "both broad and liberal." Docket No. 64, p. , *citing Hickman v. Taylor,* 329 U.S. 495, 507 (1947). Plaintiffs' Motion continues:

> Given the broad and liberal standards for discovery pursuant to the federal rules of civil procedure, and given than [*sic*] out-of-network pharmacy claims are the heart of this litigation, the documents sought by [plaintiff] are clearly "relevant" and [defendant] should not be permitted to refuse to produce them on the grounds of relevancy.

Docket No. 64, p. 2.

With all due respect, Plaintiffs have simply stated that the documents sought are relevant, but Plaintiffs have provided no explanation for why they are relevant, particularly given the fact that the instant lawsuit relates to the payment of DoD Pharmacy Claims under a statute and regulation that arguably applies to DoD Pharmacy Claims. Exactly how information concerning

---

[1] The Court notes that Plaintiffs' Reply Brief focuses solely on the question whether Defendant had already produced responsive documents. The Reply does not address the question whether the documents sought in the instant Motion to Compel are relevant.

4

non-DoD claims could be relevant in the case at bar remains a mystery to the Court.

The second matter at issue in the instant Motion to Compel involves e-mail correspondence and/or electronic documents for eleven specific witnesses. As discussed above, Plaintiffs believe that Defendant should have produced many more documents concerning these eleven witnesses than it actually did. Plaintiffs argue that they produced 1,922 documents referencing one of the witnesses, while Defendant failed to produce any documents referencing that same witness. That witness, however, is an employee of Plaintiffs, not Defendant.

As discussed above, Plaintiffs did not submit a Memorandum of Law with the instant Motion, in violation of Local Rule 7.01(a). Plaintiffs have provided no authority for the proposition that they can compel Defendant to provide additional documentation simply upon their "belief" that Defendant has not produced all the documents that it should have produced. As Defendant argues, Plaintiffs have made no specific objections to Defendant's response to any particular document request. Neither have Plaintiffs provided Defendant or the Court with any examples of a particular document or a category of documents which Defendant has admitted having in its possession, has agreed to produce, but has ultimately failed to produce. As Defendant argues, "Plaintiffs simply fail to raise a valid discovery dispute." Docket No. 72, p. 4. Finally, Defendant notes that it raised objections to the production of a number of documents that may have been responsive to the requests at issue, and that Plaintiffs have not taken issue with any of those objections.

As Defendant states, it is unable to determine how its responses, objections and production are insufficient, simply in light of Plaintiffs' belief that more documents should have been produced. The Court is in agreement.

For the foregoing reasons, the instant Motion to Compel (Docket No. 64) is DENIED.

IT IS SO ORDERED.

                                              E. Clifton Knowles
                                              United States Magistrate Judge