IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| COVENTRY HEALTH CARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) ) ) | |
| vs. | ) ) ) | CASE NO. 3:09-1009 JUDGE WISEMAN/KNOWLES |
| CAREMARK, INC., | ) ) ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court upon Plaintiffs' "Motion for Leave to File Motion to Compel." Docket No. 74. Defendant has filed a Response in Opposition to the Motion, which includes a Motion to Strike, because Plaintiffs filed their Motion to Compel the same day they filed their Motion for Leave. Docket Nos. 94, 75.

In the instant Motion, Plaintiffs argue as follows:

> Pursuant to this Court's October 12, 2010, Case Management Order, the deposition of all fact related witnesses was to occur by November 30, 2010. Further, all discovery related motions were to be filed by November 30, 2010. Due to attempted settlement negotiations the deposition schedule was condensed, and the parties conducted sixteen depositions throughout the country in November, excluding the week of Thanksgiving. Approximately three additional depositions were scheduled, and for various reasons were never conducted. As a result, the deposition of defendant Caremark, Inc.'s 30(b)(6) witness, Lori Breslin, was held on November 30, 2010. Because the deposition was held on the same day as the deadline for filing discovery related motions, plaintiffs could not file a motion related to the substance of that deposition on November 30. However, on December 3, 2010, plaintiffs informed defendant that it believed that Ms. Breslin was

> not adequately prepared for her deposition. After discussing with
> defendant the various topics which plaintiffs believed Ms. Breslin
> was not able to testify on and attempting in good faith to resolve
> the issue without this Court's intervention, plaintiffs are forced to
> seek leave of the Court to file its [*sic*] Motion to Compel because
> plaintiffs have not been given the opportunity to conduct
> meaningful discovery of defendant on the designated topics in its
> 30(b)(6) Notice of Deposition.

Docket No. 74, p. 1-2.

Defendant opposes the Motion for Leave, arguing that Plaintiffs have failed to make any showing of good cause necessary to justify the untimely filing of a discovery motion more than three (3) weeks after the expiration of the discovery-motion deadline. Defendant argues that there was no impediment to Plaintiffs' ability to schedule a Rule 30(b)(6) deposition at any time throughout the summer and fall of 2010. Defendant states that Plaintiffs simply did not engage actively in the case during that time. When Plaintiffs did reengage in discovery in the fall of 2010, Defendant offered to schedule its 30(b)(6) deposition during the first week of November, 2010. Plaintiffs declined, and instead asked that the deposition be scheduled on November 30, 2010.

Fed. R. Civ. P. 16(b)(4) provides, "A schedule [in a Scheduling Order] may be modified only for good cause and with the judge's consent."

Plaintiffs commenced this action on September 22, 2009, filing their Complaint in the Chancery Court for Davidson County. Docket No. 1-1. On October 22, 2009, Defendant removed the action to this Court. Docket No. 1. On November 20, 2009, Plaintiffs filed a Motion to Remand this action state court (Docket No. 19), which was denied by Judge Wiseman on April 1, 2010 (Docket No. 39).

On February 2, 2010, the undersigned entered the Initial Case Management Order.

Docket No. 36. That Order set a deadline for the depositions of all fact witnesses of September 30, 2010. That Order also set a deadline for filing discovery-related motions concerning oral fact discovery for October 31, 2010. Docket No. 36, p. 5. That Order also set this action for trial on March 1, 2011 (Docket No. 36), and Judge Wiseman subsequently entered his Order setting this action for March 1, 2011. Docket No. 37.

On July 20, 2010, the parties filed a Joint Motion to Amend the Case Management Order (Docket No. 42) which was granted by the undersigned on July 21, 2010 (Docket No. 43). That Order, in relevant part, provided, "Depositions of all fact witnesses shall be completed no later than November 5, 2010." Docket No. 43, p. 1. That Order also reset the trial for March 22, 2011. *Id*.

On September 30, 2010, the parties filed another Joint Motion to Amend the Case Management Order. The Court granted that Motion, which did not change any of the dates relevant to the matters now before the Court. Docket No. 49.

On October 6, 2010, Plaintiffs filed an unopposed Motion to Amend the Case Management Order to provide in relevant part that, "Depositions of all fact witnesses shall be completed no later than November 30, 2010," and that, "All discovery Motions are due on or before November 30, 2010 . . . ." Docket No. 50. The undersigned granted that Motion on October 12, 2010. Docket No. 51. That Order also rescheduled the trial for May 10, 2011. Docket No. 51, p. 2.

It is readily apparent that Plaintiffs have not shown good cause for a modification of the scheduling order that would allow them to file the Motion to Compel at issue. The Initial Case Management Order provided a period of approximately thirty (30) days after the fact deposition

3

deadline in which to file discovery-related Motions. That Order was modified twice upon Joint Motions filed by the parties. The last Motion to Modify the Case Management Order was an unopposed Motion submitted by Plaintiffs. Docket No. 50. That Motion sought a revised discovery deadline of November 30, 2010, and a revised deadline for filing discovery-related motions *of the same date*. Plaintiffs, therefore, cannot be heard to complain that they did not have sufficient time to file a Motion to Compel with regard to a deposition that occurred on the last day of the deposition period.

Moreover, Defendant states that it offered to schedule the 30(b)(6) during the first week of November, 2010, but Plaintiffs declined and asked that it be scheduled on November 30, 2010. Plaintiffs also completely fail to explain why, even though this action has been pending almost sixteen (16) months, they waited to schedule the Rule 30(b)(6) deposition of Ms. Breslin until the last day of the discovery period.

Finally, it should be noted that the instant Motion for Leave was not filed until December 22, 2010, three weeks after the November 30 deadline and the November 30 deposition of Ms. Breslin. The instant Motion, however, states that Plaintiffs informed Defendant on December 3, 2010, that they believed Ms. Breslin was not adequately prepared for her deposition. Plaintiffs do not explain why they waited nineteen (19) days to file the instant Motion.

For all the foregoing reasons, Plaintiffs' "Motion for Leave to File Motion to Compel" (Docket No. 74) is DENIED.

As discussed above, Defendant's response in opposition to the instant Motion included a

"Motion to Strike."[1] Docket No. 94. Motions to Strike are governed by Fed. R. Civ. P. 12(f), which states:

> The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f) (emphasis added).

Motions to Strike are applicable only to pleadings. *See Fox v. Michigan State Police Dept.*, 2006 U.S. App. LEXIS 5019 (6th Cir.) at **5-6; *Wimberly v. Clark Controller Co.,* 364 F.2d 225, 227 (6th Cir. 1966). *See also Lombard v. MCI Telecommunications Corp.,* 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998); *Hrubec v. National R.R. Passenger Corp.,* 829 F. Supp. 1502, 1506 (N.D. Ill. 1993). The Motion to Compel that was filed prior to the time Plaintiffs had leave to file the Motion is not a pleading, and it cannot be stricken.

Therefore, Defendant's Motion to Strike (Docket No. 94) is DENIED. The Court will not, however, consider the Motion to Compel.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge

---

[1] For future reference, the Court would advise counsel that Motions should be made separately and not as part of a response to another Motion.